**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Carlos Ramos, | ) | No. CIV-05-1996-PHX-MHM |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Sheriff Joseph M. Arpaio, | ) | |
| Defendants. | ) | |

Currently before the court is Plaintiff's pro se prisoner civil rights complaint. (Dkt. #1). The matter was referred to Magistrate Judge Mark E. Aspey for Report and Recommendation. On October 31, 2005 Magistrate Judge Aspey filed his Report and Recommendation with this Court. (Dkt. # 8).

**STANDARD OF REVIEW**

The Court must review the legal analysis in the Report and Recommendation de novo. See 28 U.S.C. § 636(b)(1)(C). The Court must review the factual analysis in the Report and Recommendation de novo for those facts to which Objections are filed. "Failure to object to a magistrate judge's recommendation waives all objections to the judge's findings of fact." Jones v. Wood, 207 F.3d 557, 562 n. 2 (9th Cir. 2000).

**DISCUSSION**

Plaintiff filed with the Clerk of the Court on July 5, 2005 a pro se prisoner civil rights complaint pursuant to 42 U.S.C. § 1983. Dkt. #1. On September 6, 2005, the Court granted Plaintiff's application to proceed *in forma pauperis,* directed Plaintiff to serve Defendants, and advised Plaintiff to "immediately advise the Court and the United States Marshal of any change of address and its effective date." Dkt.# 4. On September 14, 2005, court mail addressed to Plaintiff was returned to the Clerk of Court as undeliverable. Dkt. #6. Since then, Plaintiff has failed to file a notice of change of address or to notify the Court of his whereabouts.

In his Report and Recommendation, Judge Aspey recommends the Court dismiss Plaintiff's Complaint without prejudice for failure to prosecute and failure to follow the Court's orders. In Link v. Wabash Railroad Co., 370 U.S. 626, 629-31 (1962), the Supreme Court recognized that a federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute, even though the language of Rule 41(b) of the Federal Rules of Civil Procedure appears to require a motion from a party. Moreover, in appropriate circumstances, the Court may dismiss a complaint for failure to prosecute even without notice or hearing. Id. at 633.

In determining whether Plaintiff's failure to prosecute warrants dismissal of the case, the Court must weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Carey, 856 F.2d at 1440 (quoting Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986)). "The first two of these factors favor the imposition of sanctions in most cases, while the fourth factor cuts against a default or dismissal sanction. Thus the key factors are prejudice and availability of lesser sanctions." Wanderer v. Johnson, 910 F.2d 652, 656 (9th Cir. 1990).

Here, the first, second, and third factors strongly favor dismissal of this case. Since July 5, 2005, Plaintiff has taken no further action to prosecute his case. Dkt. #1. Moreover,

- 2 -

1  failure to keep the Court informed of his address prevents the case from proceeding in the
2  foreseeable future.
3        The fourth factor, as always, weighs against dismissal.  The fifth factor requires the
4  Court to consider whether a less drastic alternative is available.  Without Plaintiff's current
5  address, however, certain alternatives are bound to be futile.  Here, as in Carey, "an order
6  imposing sanctions would only find itself taking a round trip tour through the United States
7  mail."  856 F.2d at 1441.
8        The Court finds that only one less drastic sanction is realistically available.  Rule
9  41(b) provides that a dismissal for failure to prosecute operates as an adjudication upon the
10 merits "[u]nless the court in its order for dismissal otherwise specifies."  The Complaint and
11 this action will therefore be dismissed without prejudice pursuant to Rule 41(b) of the
12 Federal Rules of Civil Procedure. Having reviewed the Report and Recommendation of
13 Magistrate Judge Aspey, the Court concludes that Plaintiff's Complaint should be dismissed
14 without prejudice.  The Court hereby incorporates and adopts Magistrate Judge Aspey's
15 Report and Recommendation.
16       **Accordingly,**
17       **IT IS HEREBY ORDERED** that the Court adopts Magistrate Judge Aspey's Report
18 and Recommendation. (Dkt. #8).
19       **IT IS FURTHER ORDERED** that the Complaint and this action are dismissed
20 without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure
21 to prosecute. (Dkt. #1).
22       **IT IS FURTHER ORDERED** that the Clerk of the Court is directed to enter
23 judgment accordingly.
24       DATED this 8th day of November, 2005.

Mary H. Murgia
United States District Judge